UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| RONALD HOLCOMB, JR. | CV10-3906 CW |
| Petitioner, | MEMORANDUM DECISION |
| v | |
| MICHAEL J. ASTRUE, Commissioner, of Social Security Administration, | |
| Respondent. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits under Title II and Part A of Tile XVIII of the Social Security Act.

Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the court to enter judgment upon the pleadings and transcript of record

before the Commissioner. The parties have filed a Joint Stipulation ("Joint Stip."), and the defendant has filed the Certified Transcript of Record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded for further proceedings.

## BACKGROUND

On June 12, 2008, plaintiff filed an application for Social Security Disability benefits, alleging disability due to anxiety disorder beginning September 6, 2007. (AR 92-98). On August 26, 2008, plaintiff's claim was initially denied, and it was again denied upon reconsideration on November 13, 2008. (AR 39-42; 44-48). On January 6, 2010, the Administrative Law Judge ("ALJ") conducted a hearing at which plaintiff and a vocational expert ("VE") testified. (AR 24-36). After considering the entire record, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act. (AR 17). Following plaintiff's request to review the ALJ's decision, the Appeals Council denied review on April 6, 2010; plaintiff then filed an action in this Court.

## DISCUSSION

### A. The Five-Step Evaluation

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

2

| | | |
|---|---|---|
| Step three: | Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. | |
| Step four: | Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. | |
| Step five: | Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. | |

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC"), age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.     Issues**

Plaintiff makes four challenges to the ALJ's decision denying benefits. Plaintiff alleges that the ALJ erred in: 1) considering the opinion of Dr. Pierce, plaintiff's examining physician, that plaintiff is limited to simple one-and two-step instructions; 2) considering Dr. Pierce's opinion that plaintiff would have mild

3

difficulties working effectively with others; 3) assessing state agency opinions that plaintiff was limited to working in a "low stress environment;" and 4) finding plaintiff's subjective complaints lacked credibility. (See Joint Stip. 2). For the reasons discussed below, the Court finds that plaintiff's fourth claim has merit; since the matter is remanded for further proceedings based on plaintiff's fourth claim of error, it is unnecessary for the Court to address plaintiff's first, second, and third claims.

### C. Issue Four: Plaintiff's Credibility

Absent evidence of malingering, the ALJ must either accept plaintiff's testimony as credible, or offer specific, "clear and convincing" reasons for rejecting subjective complaints regarding the severity of plaintiff's symptoms. Moisa v. Barnhart, 367 F. 3d 882, 885 (9th Cir. 2004). To determine whether plaintiff's testimony is reliable, the ALJ may consider, among other things: (1) the nature of plaintiff's daily activities; and (2) an unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

The relevant question regarding plaintiff's daily activities concerns whether or not the activities are rigorous enough to be a fair proxy for the demands of work and if the plaintiff is able to spend a substantial part of the day performing these activities; if such conditions are met, the ALJ may have reason to discredit plaintiff's excess allegations of pain. See Fair v. Bowen, 885 F. 2d 597, 603 (9th Cir. 1989); but see Vertigan v. Halter, 260 F. 3d 1044, 1049-50 (9th Cir. 2001) (holding that "the mere fact that a plaintiff has carried on certain daily activities such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.") In short, "[t]he Social Security Act does not require an individual be utterly incapacitated to be eligible for benefits," as the plaintiff's ability to engage in some activity should be expected. Cooper v. Bowen, 815 F. 2d 557, 561 (9th Cir. 1987); Howard v. Heckler,

782 F. 2d 1484, 1488 (9th Cir. 1986) (period of restricted travel not inconsistent with pain-induced disability); Gallant v. Heckler, 753 F. 2d 1450, 1453 (awarded disability benefits for constant back and leg pain, despite claimants ability to cook meals and wash dishes).

An ALJ may also consider the conservative nature of treatment in evaluating plaintiff's subjective complaints. See Johnson v. Shalala, 60 F. 3d at 1428, 1434 (9th Cir. 1995). However, while an unexplained failure to seek treatment may support a finding that the plaintiff's statements lack credibility, an ALJ shall not be permitted to make a credibility inference from the conservative nature of plaintiff's treatment when the plaintiff is indigent. See Regennitter v. Comm'r of Social Security, 166 F. 3d 1294, 1297 (9th Cir. 1999); see also Gamble v. Chater, 68 F.3d 319, 322 (9th Cir 1995), citing Gordon v. Schweiker, 725 F.2d 231, 237 (4th Cir. 1984) (holding that "[i]t flies in the face of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him."

Here, the ALJ failed to provide "clear and convincing" reasons for rejecting plaintiff's subjective complaints regarding the severity of his symptoms. First, the ALJ improperly determined that plaintiff's daily activities were inconsistent with an allegation of total disability. Plaintiff's testimony that he is able to care for his own needs, help his parents with household chores, care for his pets, and leave his home on most days without assistance does not warrant a finding that plaintiff's statements are not sufficiently credible to justify further limitations than those established by the medical evidence of record.

The case here is analogous to the one in Vertigan. There, the Ninth Circuit determined that activities like grocery shopping and walking in the mall were not inconsistent with an allegation of total disability as such activities were not necessarily transferable to a work setting and may be performed by the patient "*despite* pain for therapeutic reasons." Vertigan, 260 F. 3d at 1049-50. The Vertigan Court reasoned that it was improper for the ALJ to rely on such evidence to impeach

the plaintiff's credibility because the time plaintiff spent engaging in these activities did not consume a substantial part of her day. Id. Similar to Vertigan, here, plaintiff's outside activities are not only consistent with his allegation of disability due to anxiety disorder, but may also serve therapeutic purposes that militate against it. Id. Furthermore, there is no evidence in the record that shows these activities are transferable to a work setting, or that plaintiff performs these activities for a substantial part of his day. Id. Consequently, the ALJ improperly relied on evidence of this minimal outside activity to discredit plaintiff's subjective complaints.

Second, the ALJ improperly considered the conservative nature of treatment in evaluating plaintiff's subjective complaints because the ALJ failed to address plaintiff's inability to afford treatment. As detailed in Gamble, "Social Security . . . benefits exist to give financial assistance to disabled persons [who are] without the ability to sustain themselves." Gamble v. Chater, 68 F. 3d 319, 322 (9th Cir. 1995). Because plaintiff is indigent and could not afford regular mental health care, it is unnecessary to analyze whether plaintiff has sought individual therapy, psychiatry, or counseling. In addition to the ALJ's failure to consider plaintiff's indigence, the medical evidence of record lacks any indication that other forms of treatment would be beneficial, as plaintiff was already taking medication for his anxiety disorder. Thus, the ALJ improperly discredited plaintiff's testimony as he failed to provide "clear and convincing" reasons for rejecting plaintiff's subjective complaints regarding the severity of his symptoms.

### D. **Remand for Further Proceedings**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179

(decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, because further evaluation of the record is required before it can be determined whether Plaintiff is disabled, a remand for additional administrative proceedings is appropriate.

## **ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 3 of 42 U.S.C. §405(g).

DATED: July 11, 2011

_____/s/_____
CARLA WOEHRLE
UNITED STATES MAGISTRATE JUDGE